UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT AMBERS, JUDITH AMBERS,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, HS FUNDING GROUP; CAL WESTERN RECONVEYANCE CORP.,<br><br>Defendants. | Case No. 15-cv-04100 NC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Brent and Judith Ambers sue Wells Fargo and others for the foreclosure of their home in 2012. This Court previously dismissed a similar case by Judith Ambers against Wells Fargo in April 2014, after Judith Ambers chose not to amend her complaint. Now, Wells Fargo moves to dismiss the 2015 case, arguing that the doctrine of res judicata bars the Ambers from relitigating issues from the prior lawsuit. The Court agrees and finds that res judicata bars the entire action against Wells Fargo. Thus, the Court GRANTS Wells Fargo's motion to dismiss.

I.   BACKGROUND

   A.   2013 Lawsuit, No. 13-cv-03940 NC

On August 23, 2013, Judith Ambers sued Wells Fargo Bank in Alameda County Superior Court, challenging a mortgage foreclosure on a 2006 loan taken out by her husband Brent Ambers. Dkt. No. 1. Defendant Wells Fargo removed the case to federal

Case No. 15-cv-04100 NC

court, then moved to dismiss the complaint. Dkt. Nos. 1, 8. On March 3, 2014, the Court granted Wells Fargo's motion to dismiss, finding that Judith Ambers did not have standing to sue, and in the alternative, that she failed to state a claim. Dkt. No. 25. The Court permitted Ambers to amend the complaint by March 28, 2014. Dkt. No. 25. Ambers did not amend the complaint. Dkt. No. 26. On April 21, 2014, the Court dismissed the case with prejudice and entered judgment in favor of Wells Fargo. Dkt. Nos. 26, 27.

### B.  Current Lawsuit

On May 20, 2015, Brent and Judith Ambers sued defendants Wells Fargo, HS Funding Group, and Cal Western Reconveyance Corp. in Alameda County Superior Court. Dkt. No. 1-1 at 6. On August 23, 2015, Wells Fargo timely removed the case to federal court. Dkt. No. 1 at 2. The Ambers sue regarding the loans on the same property as the 2013 suit. Dkt. Nos. 1-1 at 6. According to Wells Fargo, the Ambers defaulted on their loan with Wells Fargo in 2009 and the bank foreclosed on the loan on January 24, 2012. Dkt. No. 6 at 4. As a result, the property was sold to a third party and the deed transferring title was recorded on February 9, 2012. *Id.* Wells Fargo is the only defendant that has appeared in this action. Dkt. No. 1 at 3-4. On November 16, 2015, the Court ordered the Ambers to show cause why it should not dismiss HS Funding Group and Cal Western Reconveyance Corp. for failure to serve the defendants. Dkt. No. 24. The Ambers did not file any proof of service, so the Court dismissed HS Funding Group and Cal Western Reconveyance Corp. on December 7, 2015.

On September 16, 2015, Wells Fargo moved to dismiss the complaint, arguing that res judicata barred relitigation of the issues already decided in the 2013 case, and that the statute of limitations has passed. Dkt. No. 6. Plaintiffs and Wells Fargo have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 11, 21-22.

## II.  DISCUSSION

Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "Res judicata prevents

Case No. 15-cv-04100 NC         2

1  litigation of all grounds for, or defenses to, recovery that were previously available to the
2  parties, regardless of whether they were asserted or determined in the prior proceeding."
3  *Brown v. Felsen*, 442 U.S. 127, 131 (1979).  Res judicata "has the dual purpose of
4  protecting litigants from the burden of relitigating an identical issue with the same party or
5  his privy and of promoting judicial economy by preventing needless litigation." *Parklane*
6  *Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

7  In order for res judicata to apply there must be: (1) an identity of claims, (2) a final
8  judgment on the merits, and (3) identity or privity between parties.  *W. Radio Servs. Co.*,
9  123 F.3d at 1192.

### 1. Identity of Claims

In determining whether successive claims constitute the same cause of action, the Court considers (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  "The last of these criteria is the most important." *Id.* at 1202.  The Ninth Circuit has found that satisfaction of the fourth factor alone is sufficient to establish an identity of claims.  *See Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based only on analysis of the fourth factor).

"[I]dentity of claims exists when two suits arise from the same transactional nucleus of facts.  Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).  If claims are related to the same set of facts and could be conveniently tried together, then there is identity of claims.  *Karr*, 994 F.2d at 1429; *see also Herrera v.*

Case No. 15-cv-04100 NC            3

1  *Countrywide KB Home Loans*, No. 11-cv-03591 LHK, 2012 WL 901340, at *4 (N.D. Cal.
2  Mar. 15, 2012) (finding that when if plaintiff could have amended the prior complaint to
3  allege the successive claims, then identity of claims exists).

4      In the prior lawsuit, Judith Ambers brought seven claims regarding the origination
5  and eventual foreclosure of the home loan against Wells Fargo.  Dkt. No. 6 at 6; 2013 Dkt.
6  No. 1 at 21-37.  The current lawsuit presents twelve claims, all of which relate to the same
7  loan and foreclosure.  Dkt. No. 1-1 at 5-28.  Although the current complaint alleges more
8  claims, both lawsuits arise out of the same nucleus of operative fact: the issuance and
9  foreclosure of the same home loan.  The second complaint does not contain new facts, nor
10 does it refer to events that occurred after the 2013 lawsuit was dismissed.  The Ambers'
11 opposition to Wells Fargo's motion to dismiss did not address the issue of whether this
12 lawsuit is about a different nucleus of facts.

13     The Court has reviewed the complaint and finds that the two lawsuits arise out of
14 the same nucleus of facts, and all of the additional causes of action present in the 2015
15 lawsuit could have been filed as part of an amended complaint to the 2013 lawsuit.  For the
16 same reasons, both lawsuits would require substantially the same evidence and
17 infringement of the same right.  Thus, the first element of the res judicata test is satisfied.

18     **2.  Final Judgment on the Merits**

19     "The dismissal for failure to state a claim under Federal Rule of Civil Procedure
20 12(b)(6) is a judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394,
21 399 n.3 (1981).  In the 2013 lawsuit, the Court entered judgment in favor of Wells Fargo
22 and against plaintiff in accordance with its April 2014 order dismissing the action.  2013
23 Dkt. No. 27.  The Court found that Judith Ambers lacked standing because the loan was in
24 Brent Ambers name, who was not a party to the 2013 litigation.  The Court determined that
25 even if Judith Ambers had standing, she failed to state a claim under Federal Rule of Civil
26 Procedure 12(b)(6).  2013 Dkt. No. 25.  Therefore, there was a judgment on the merits in
27 the 2013 case, and the second element of the res judicata test is satisfied.
28 /

Case No. 15-cv-04100 NC        4

### 3. Identity or Privity Between Parties

Finally, the Court must consider whether there is identity or privity of parties in the two actions. Privity exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002).

Here, Judith Ambers filed the 2013 first lawsuit, while both Judith and Brent Ambers filed the 2015 lawsuit. However, the Court dismissed the first case in part, because it determined that Judith Ambers did not have standing to assert the claims about a fraudulent loan and unlawful foreclosure when Brent Ambers was the sole borrower of the loan. Thus, the Ambers share the same legal interest in recovering for an allegedly improper loan and foreclosure on the same property as listed in the 2013 case. The Court finds that the plaintiffs are in privity.

In addition, Wells Fargo was named as a defendant in both the 2013 and 2015 lawsuits. In the 2015 lawsuit, HS Funding Group and Cal Western Reconveyance Corp. were added as additional parties; however, the Court has already dismissed those defendants from the case. Thus, the same defendant is in both lawsuits, so the third element of the res judicata test is met.

Accordingly, the Court finds that the 2015 lawsuit presents an identify of claims, there was a final judgment on the merits in the 2013 lawsuit, and there is privity between the parties. *W. Radio Servs. Co.*, 123 F.3d at 1192. Therefore, the Ambers' claims are barred by the doctrine of res judicata.

///

**III. CONCLUSION**

The Court concludes that the doctrine of res judicata bars relitigation of this lawsuit. The Court GRANTS Wells Fargo's motion to dismiss and DIMISSES the complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated:  December 8, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge